No. 24-2583

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEN RUPP; STEVEN DEMBER; CHERYL JOHNSON; MICHAEL JONES; CHRISTOPHER SEIFERT; ALFONSO VALENCIA; TROY WILLIS; AND CALIFORNIA RIFLE & PISTOL ASSOCIATION, INCORPORATED,

*Plaintiffs-Appellants*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,

*Defendant-Appellee*.

**On Appeal from the United States District Court
for the Central District of California**
No. 8:17-cv-00746-JLS-JDE
The Honorable Josephine L. Staton, Judge

**JOINT MOTION TO HOLD CASE IN ABEYANCE PENDING
RESOLUTION OF RELATED APPEAL**

ROB BONTA
*Attorney General of California*
THOMAS S. PATTERSON
*Senior Assistant Attorney General*
R. MATTHEW WISE
*Supervising Deputy Attorney General*

ANNA FERRARI
CHRISTINA R.B. LÓPEZ
*Deputy Attorneys General*
JOHN D. ECHEVERRIA
*Supervising Deputy Attorney General*

CALIFORNIA DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 510-3479
John.Echeverria@doj.ca.gov
*Attorneys for Defendant-Appellee*

May 30, 2024

## INTRODUCTION

The parties, plaintiffs-appellants Steven Rupp, Steven Dember, Cheryl Johnson, Michael Jones, Christopher Seifert, Alfonso Valencia, Troy Willis, Dennis Martin, and the California Rifle & Pistol Association, Inc., and defendant-appellee Rob Bonta, in his official capacity as Attorney General of the State of California, through their respective attorneys of record, hereby jointly request that the Court hold this case in abeyance pending resolution of the en banc proceedings in *Duncan v. Bonta*, No. 23-55805 (en banc).

This case is a Second Amendment challenge to California's restrictions on semiautomatic rifles that qualify as "assault weapons" under California Penal Code Sections 30510 and 30515. *Duncan* is a Second Amendment challenge to California's restrictions on "large-capacity magazines" as defined in Penal Code Section 16740 (*see* Cal. Penal Code § 32310), and it has been argued and submitted to an en banc panel of this Court. Because these cases concern similar legal issues, holding this case until *Duncan* is resolved would preserve the resources of both this Court and the parties.

## FACTUAL BACKGROUND

### A. *Rupp v. Bonta*

This case is a Second Amendment challenge to California's restrictions on rifles that qualify as "assault weapons" under California Penal Code Sections 30510(a) and 30515(a). Section 30510 defines as "assault weapons" certain listed

1

firearms identified by make and model, and Section 30515 defines certain rifles, pistols, and shotguns as "assault weapons" if they have certain enumerated features or accessories. Under Section 30515, a semiautomatic centerfire rifle qualifies as an "assault weapon" if it lacks a fixed ammunition magazine and is equipped with one or more of the following components: a pistol grip that protrudes conspicuously beneath the action of a rifle, a thumbhole stock, a folding or telescoping stock, or a flash suppressor. Cal. Penal Code § 30515(a)(1)(A-C), (E-F). In addition, a semiautomatic centerfire rifle qualifies as an "assault weapon" if it has an overall length of less than 30 inches. Cal. Penal Code § 30515(a)(3). Plaintiffs' complaint challenges restrictions on rifles that qualify as "assault weapons" under these provisions. D. Ct. Dkt. 60 at 3536 (seeking declaratory judgment and injunction of Sections 30515(a)(1)(A-C), 30515(a)(1)(E-F), and 30515(a)(3)).

In July 2019, the district court granted the Attorney General's motion for summary judgment, upholding the challenged restrictions under both steps of this Court's prior two-step framework for adjudicating Second Amendment claims. *Rupp v. Becerra*, 401 F. Supp. 3d 978 (C.D. Cal. 2019). That framework asked whether the challenged law burdens conduct protected by the Second Amendment, and if so, whether the law satisfies the applicable level of constitutional scrutiny. *See id.* at 984. Plaintiffs appealed that judgment to this Court. *Rupp v. Becerra*,

2

No. 19-56004. After briefing and oral argument, the panel issued an order holding the case in abeyance pending resolution of the en banc proceedings in *Duncan v. Becerra*, No. 19-55376, and the then-pending Supreme Court case, *New York State Rifle & Pistol Ass'n v. Bruen*, No. 20-843. *Rupp v. Bonta*, No. 19-56004, Dkts. 65, 66.

On June 23, 2022, the Supreme Court issued its decision in *Bruen*, replacing the two-step framework with a "test rooted in the Second Amendment's text, as informed by history." *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 19 (2022). After *Bruen*, this Court vacated the district court's prior judgment and remanded the case for further proceedings consistent with *Bruen*. *Rupp v. Bonta*, No. 19-56004, Dkt. 71. After supplemental discovery, the parties filed cross-motions for summary judgment (D. Ct. Dkts. 149, 150), and the district court granted the Attorney General's motion, upholding California's "assault-weapon" restrictions applicable to rifles under *Bruen*. *Rupp v. Bonta*, 2024 WL 1142061 (C.D. Cal. Mar. 15, 2024). Plaintiffs appealed, and their opening brief is currently due on July 15, 2024. No. 24-2583, Dkt. 2

**B.   *Duncan v. Bonta***

In *Duncan v. Bonta*, No. 23-55805, the plaintiffs assert a Second Amendment challenge to California's restrictions on the manufacture, importation, sale, and possession of "large-capacity magazines," codified in Section 32310. Large-

3

capacity magazines are ammunition magazines capable of holding more than ten rounds of ammunition. In 2019, the district court entered summary judgment for the plaintiffs, holding that Section 32310 violated the Second Amendment under the prior two-step framework. *Duncan v. Becerra*, 366 F. Supp. 3d 1131 (S.D. Cal. 2019). That decision was initially affirmed by a three-judge panel of this Court, *Duncan v. Becerra*, 970 F.3d 1133 (9th Cir. 2020), but later reversed by an en banc panel in 2021, *Duncan v. Bonta*, 19 F.4th 1087 (9th Cir. 2021) (en banc). The Court upheld the "large-capacity magazine" restrictions under the prior two-step framework, *Duncan*, 19 F.4th at 1096, and the plaintiffs petitioned the U.S. Supreme Court for a writ of certiorari, *Duncan v. Bonta*, No. 21-1194.

After the Supreme Court issued its decision in *Bruen*, the Supreme Court granted the *Duncan* petition, vacated the *Duncan* opinion, and remanded the case for further proceedings. *Duncan v. Bonta*, 142 S. Ct. 2895 (2022). This Court then remanded the case to the district court for further proceedings consistent with *Bruen*. *Duncan v. Bonta*, 49 F.4th 1228, 1231 (9th Cir. 2022) (en banc). Following remand, the district court issued a decision and a permanent injunction enjoining California's "large-capacity magazine" restrictions. *Duncan v. Bonta*, __ F. Supp. 3d __, 2023 WL 6180472 (S.D. Cal. Sept. 22, 2023). The Attorney General appealed the decision and permanent injunction to this Court. *Duncan v. Bonta*, No. 23-55805. An en banc panel of this Court stayed the decision and

injunction pending appeal. *Duncan v. Bonta*, 83 F.4th 803 (9th Cir. 2023) (en banc). The appeal was fully briefed, and after oral argument on March 19, 2024, the en banc panel took the case under submission.

## ARGUMENT

Given the substantial similarities between this case and the pending en banc proceeding in *Duncan*, this Court should hold this case in abeyance pending resolution of the en banc proceedings in *Duncan*. This Court has the inherent authority to manage its own docket, including by holding appeals in abeyance where appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). To determine whether to stay proceedings, the Court generally examines "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Holding this appeal in abeyance pending resolution of *Duncan* is warranted for several reasons. First, the cases involve substantially similar legal and evidentiary issues. The *Duncan* en banc proceeding concerns how the *Bruen* standard applies to modern restrictions on firearms-related hardware and accessories and involves many of the same historical analogues as this case.

Second, the appeal in *Duncan* has progressed significantly. The *Duncan* appeal has been fully briefed and argued, and the en banc panel took the case under submission on March 19, 2024. At a minimum, the decision in *Duncan* will provide helpful guidance to the parties in this appeal.

Third, several of the parties in these cases are the same. California Rifle & Pistol Association, Inc. is a plaintiff in both this case and *Duncan*, and the Attorney General is a defendant in both cases.

Fourth, before *Bruen*, this Court held this case in abeyance pending resolution of the prior *Duncan* en banc proceeding. As before, this case should be held pending resolution of *Duncan*.

## CONCLUSION

For these reasons, the parties respectfully request that this Court vacate the existing time schedule order and hold his case pending resolution of the en banc proceedings in *Duncan v. Bonta*, No. 23-55805 (en banc).

6

Dated: May 30, 2024            Respectfully submitted,

| *s/ Sean A. Brady* | *s/ John D. Echeverria* |
|---|---|
| C.D. MICHEL<br>SEAN A. BRADY<br>ANNA M. BARVIR<br>MICHEL & ASSOCIATES, P.C.<br>*Attorneys for Plaintiffs-Appellants* | ROB BONTA<br>*Attorney General of California*<br>THOMAS S. PATTERSON<br>*Senior Assistant Attorney General*<br>R. MATTHEW WISE<br>*Supervising Deputy Attorney General*<br>ANNA FERRARI<br>CHRISTINA R.B. LÓPEZ<br>*Deputy Attorneys General*<br>JOHN D. ECHEVERRIA<br>*Supervising Deputy Attorney General*<br>*Attorneys for Defendant-Appellee* |

## ATTESTATION

I, John D. Echeverria, hereby attest that all other parties on whose behalf this filing is submitted concur in the filing's content.

Dated: May 30, 2024            *s/ John D. Echeverria*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Joint Motion to Hold Case in Abeyance Pending Resolution of Related Appeal complies with the type-volume limitation of Ninth Circuit Rules 27-1 and 32-3(2) because it contains 1,334 words, excluding the documents listed at Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f). This document complies with the typeface and the type style requirements of Federal Rule of Appellate Procedure 27 because it has been prepared in a proportionally spaced typeface using 14-point font.

Dated: May 30, 2024                                    *s/ John D. Echeverria*